# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KATHLEEN FINSTERBUSCH,          :

              **Plaintiff**          :

              **v.**          :

PENNSYLVANIA DEPARTMENT          :
OF HEALTH, COMMONWEALTH
OF PENNSYLVANIA, and          :
DOUGLASS P. KOSZALKA,

                        :

              **Defendants**          :

**CIVIL ACTION NO. 3:17-1024**

**(JUDGE MANNION)**

## MEMORANDUM

Pending before the court is the plaintiff's motion to remand. (Doc. 2). Upon review, the plaintiff's motion will be granted.

By way of relevant background, the plaintiff filed the instant action on May 18, 2017, in the Court of Common Pleas of Luzerne County alleging violations of Title VII of the Civil Rights Act of 1964 and her rights under the First Amendment through the Civil Rights Act, 42 U.S.C. §1983. By petition dated June 12, 2017, the action was removed to this court by the defendant, Pennsylvania Department of Health, ("PDH"), only. (Doc. 1).

On June 13, 2017, the plaintiff filed the instant motion to remand the action to the state court. (Doc. 2). A brief in support of the plaintiff's motion was filed on June 22, 2017. (Doc. 5). On June 29, 2017, the defendant filed a

brief in opposition to the plaintiff's motion for remand. (Doc. 6). A reply brief was filed by the plaintiff on July 10, 2017. (Doc. 7).

The plaintiff initially argues that the instant action should be remanded because not all of the defendants have joined in the removal in accordance with 28 U.S.C. §1446. Specifically, the plaintiff argues that the defendant Commonwealth of Pennsylvania and defendant Koszalka have not joined in the removal.

Title 28 U.S.C. §1446 provides, in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In addition to the requirements found in §1446, the "rule of unanimity" provides that all defendants must join in or consent to the removal of an action to federal court. Ogletree v. Barnes, 851 F.Supp. 184, 186 (E.D.Pa. 1994) (citing Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337 (1900); Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245 (1900)). "Under this 'rule of unanimity,' all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in §1446(b) in order to perfect removal." Id.

There are, however, some exceptions to the "rule of unanimity". One such exception is that "defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are [ ] not required to join in the notice of removal or otherwise consent to removal." Id. Once an action has been properly removed, "the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir.1985). In a situation where not all defendants have been served at the time of removal, and therefore have not joined in or consented to the removal, removal may nevertheless be effective provided the notice of removal alleges that the defendants not joining in the notice of removal were not served in the state court action. Id. at 68.

The statutes governing removal are strictly construed against removal and all doubts should be resolved in favor of remand. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

In this case, to the extent that the plaintiff argues that the Commonwealth of Pennsylvania was named as a separate party but did not join in the removal, the defendant PDH argues that there is no indication from the complaint that the Commonwealth of Pennsylvania was named as a separate and distinct party. The court agrees. The caption of the plaintiff's complaint lists as defendants "Pennsylvania Department of Health, Commonwealth of Pennsylvania, Douglas P. Koszalka, Individually." Within the complaint, the plaintiff uses "Pennsylvania Department of Health, Commonwealth of Pennsylvania", "Pennsylvania Department of Health" and "Commonwealth of Pennsylvania" interchangeably, with no single allegation directed toward the Commonwealth of Pennsylvania as a separate and distinct party. Thus, there is no indication from the plaintiff's complaint that the Commonwealth of Pennsylvania was named as a separate or distinct entity.

With respect to defendant Koszalka, the defendants' materials indicate that as of the time of removal he had yet to be served with the complaint. The plaintiff does not challenge this fact in her reply brief, but argues only that

defendant PDH did not file a corrected notice of removal to include defendant Koszalka, who was apparently served subsequent to removal.[1]

Since it is undisputed that defendant Koszalka had not been served with the complaint at the time it was removed, as discussed above, he was not required to expressly join in or consent to the removal. However, despite this, defendant PDH's notice of removal is defective because it does not provide that defendant Koszalka was not joining in the notice of removal because he had yet to be served in the state court action. See, Lewis v. Rego Co., 757 F.2d at 68; Scurko v. New Jersey state Police 2010 WL 2697108 (D.N.J. July 6, 2010).

---

[1] It is unclear from the record exactly when defendant Koszalka was served; however, the same counsel representing defendant PDH entered their appearance on behalf of defendant Koszalka and filed an answer to the complaint on his behalf on July 10, 2017. (Doc. 8, Doc. 9).

For this reason, the plaintiff's motion to remand will be granted and the matter will be remanded to the Court of Common Pleas of Luzerne County.[2] An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 13, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1024-01.docx

---

[2] The plaintiff also argues in her motion to remand that defendant PDH has attempted to preserve sovereign immunity both in its removal papers and in its answer to the complaint. By removing this action, the plaintiff argues that defendant PDH has waived such immunity. Since defendant PDH "is clinging to sovereign immunity", the plaintiff argues that the matter should be remanded to state court. Upon review, this argument relates to the potential defenses available to PDH and not to whether the instant action was properly removed or whether it should be remanded. As such, the plaintiff's motion will be denied on this basis.